JACOB ROTHMAN and ISIDORE STRAUSS, Copartners, Doing Business as R. & S. DRESS MANUFACTURING COMPANY, Plaintiffs, Appellants, *v.* JOB E. HEDGES, as Receiver of NEW YORK RAILWAYS COMPANY, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, June 24, 1924.

Street railways — action by passenger for damages for loss of merchandise thrown from car by conductor — defendant claimed it had not accepted plaintiff as passenger by reason of bulk of parcel — testimony of plaintiff that he finally deposited fare without objection presented issue of fact for jury — judgment dismissing complaint reversed.

It is error to dismiss plaintiff's complaint, in an action for damages occasioned by the loss of a parcel of merchandise thrown from a trolley car by defendant's conductor, where it appears that to the conductor's testimony that as far as he knew the plaintiff did not deposit his fare, the plaintiff responded that after

the conductor had refused to accept his fare because of the bulk of the parcel he deposited his fare without objection, since an issue of fact is presented for the determination of the jury as to whether or not plaintiff was a passenger.

APPEAL by plaintiffs from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, dismissing the complaint at the close of the entire case, after a trial by a judge and jury.

*Abram Goodman,* for the appellants.

*Winthrop & Stimson (Benjamin Sullivan,* of counsel), for the respondents.

*Per Curiam.* One of the plaintiffs (partners in business) concededly boarded one of the defendant's trolley cars at Twenty-fourth street and Broadway going south. He had with him a bundle about two feet square and three feet high, containing some embroidered georgette. Defendant's conductor forthwith notified him that such a bundle would not be accepted under the rules of the company because of its bulk and told him not to deposit his fare, adding that he did not have the right to put the plaintiff off by force. At Twenty-third street he left the car, as he says, to find an officer, but was unsuccessful, and according to plaintiff's version halfway between Twenty-third and Twenty-second streets, but according to the conductor, some thirty feet before the car stopped at Twenty-second street, the conductor threw the bundle off with the result that it was lost. Plaintiff sues for its value as damages for defendant's breach of contract of carriage.

Defendant contended successfully that on the record it had not accepted plaintiff as a passenger. The conductor, however, testified that so far as he knew plaintiff did not deposit his fare. Plaintiff testified that after the conductor returned to the car at Twenty-third street, he, in the presence of the conductor and without further objection, did deposit his fare. Under these circumstances an issue of fact was presented for the determination of the jury whether the plaintiff was a passenger or not.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, MULLAN and LEVY, JJ.

Judgment reversed and new trial ordered.